Mr. Chief Justice ShaiiKey
delivered the opinion of the court.
This action was founded on an award. The declaration states, that a difference having arisen between the parties concerning two promissory notes held by Gibson, and made by Harmon Powell, Henry Powell, and Henry C. Bennett, each for the sum of $3595, subject to certain credits, it was agreed that the subject of dispute should be submitted to the arbitration of John McIntosh, James Dear, and John Bishop. That on the 19th of October, 1840, the arbitrators returned their award that the said Harmon Powell should pay to Gibson the sum of $1790. The jury found a verdict for the plaintiff for $637 30. During the trial, the plaintiff read in evidence without objection the submission, which was in the form of an affidavit to abide by the award, signed by L. C. Gibson, H. Powell, and H. C. Bennett. He then offered the award, and offered to prove in con-nexion with it, that it was considered as part of it, agreed to by the parties, that the plaintiff should deliver up the two notes to be cancelled. But the court ruled out the instrument on the *726 ground that it was no award, and also the proof offered in explanation. This is the first error complained of, and the question depends upon the face of the instruments.
The submission is very vague. Two promissory notes were stated to be the matter of difference, of which Gibson was the holder, and Henry Powell, Harmon Powell, and H. C. Bennett were the makers, but they were not otherwise described, nor were the arbitrators named. This, however, was read without objection. The award states the notes to be for the sum of $3575 each, subject to certain credits, being for twenty dollars less than the declaration describes them. The arbitrators seem to have estimated the amount of the notes and interest, and also the credits and the interest on them, and then to have struck a balance, amounting to $6667 97. They then proceeded to direct how and by whom this sum should be paid, as follows, to wit: “ James Powell to make a deed to Lewis C. Gibson, for the mills formerly owned by Henry Powell, the appurtenances thereto, timber, wheels, and blacksmith’s tools, at $3983.” Then follows in figures this sum, to wit: “ $2685,” without any note of explanation, though it was probably intended to indicate the balance that would remain of the amount of the notes and interest, after deducting the $3983, the price fixed on the mills. Of this balance of $2685, Harmon Powell was to pay $1790, and H. C. Bennett the sum of $895; thus the whole sum of $6667 97 was to be paid. The award then proceeds to dispose of a quantity of lumber at the mill, and also a stock, of hogs, valued in the aggregate to the sum of $408, to be divided between Harmon Powell and Bennett. It was further provided, that Powell and Bennett should confess judgments with security, on which the executions were to be stayed for a certain time. This paper looks more like a skeleton, or memorandum from which an award was to be drawn, than it does like the award itself. It certainly embraces matters not included in the submission. By the terms of the submission, the arbitrators were confined to the differences which existed in reference to the two promissory notes; but the award directs that James Powell, a total stranger to the submission, should pay a large portion of *727 the balance due on the notes, by making a deed to certain mills, with the appurtenances ; and that the remainder should be paid, part by Harmon Powell, and part by Bennett. And it also disposes of a quantity of lumber and a stock of hogs. An award must always be in strict accordance with the submission, and not extend to subjects not submitted, nor to strangers to the submission. It must also be certain and mutual. ICyd on Awards, 91, 103, 129. And if it lack any of these important requisites, it is void. The arbitrators act under a special authority for a particular purpose, and the authority must be strictly pursued. But it is insisted that an award may be good as to the matter actually submitted, and bad as to the matter not submitted, provided the part which is good can be separated from, and exist independently of, that which is bad. The authorities cited fully sustain the counsel in this position. These decisions are predicated on the principle that it is the duty of the courts to sustain awards, when it appears that both parties have the full benefit of the matter submitted, and of what was intended for them by the arbitrators, although the award may contain something which is illegal.' But in this instance it is answered by the opposite counsel, that the matters awarded cannot be so separated as to leave any part good. This objection derives great force from a comparison of the award with the submission. The submission was made by H. Powell, H. C. Bennett, and L. C. Gibson. Whether the “H. Powell” who joined in the submission was Harmon or Henry, does not appear, nor is it explained. The award embraces three Powells, when only one entered into the submission. The power of the arbitrators' extended only to the adjustment of a dispute in regard to two promissory notes, but they awarded that a stranger to the submission should pay part of the sum found due, by making a deed to real estate. In this, then, the award was void. The amount that was to be paid by Harmon Powell, constituted only a part of the whole sum, and it refers to and depends upon the amount that was to be paid by James Powell, by means of the conveyance. The two provisions are inseparable. It cannot be supposed that one would have been awarded, but in view of *728 the other. It is said that if an award be void only as to part, but good as to the rest, it is not competent to him who is to perform it to object to the whole on account of that which is void, unless the opposite party could object to the performance of his part, on account of the want of a remedy to enforce the performance of that which was void on the other. Kyd on Awards, 166. That is the case here. Gibson had no remedy as to the land directed to be conveyed to him, and hence Powell may object to the award. Without adverting then to the other objections taken to the award, we think, for the reasons already stated, it was void, and properly excluded under the special count on the award.
But there are two other counts in the declaration; one in which it is averred, that in consideration that the plaintiff would deliver up the two promissory notes to the defendant, that he the defendant would pay to the plaintiff the sum of $>1790, with an averment that the notes were delivered up to be cancelled ; and also a count for money lent and advanced. If there was no award, had not the plaintiff a right to recover on these counts, provided his proof sustained them '? He had relied upon a special contract, but failed altogether in that respect, because his contract was void. The rule is, that a recovery may be had under the common counts, if the party has failed altogether in his right to recover on the special count, provided the case be such that supposing there had been no special contract, he might still have recovered under the common counts. 2 Phil. Ev. 108. The second count is indeed also a special count, and if the contract as stated be proven, or if the proof be such as to justify a recovery under the money count, the plaintiff may still have a right to recover. Even an award, void as such, is sometimes admitted as evidence of an account stated. But apart from the award, the proof was sufficient. It was testified by Bennett, that about the 21st of October, 1840, he heard a conversation between plaintiff and defendant, in which the plaintiff claimed that the defendant was indebted to him in the sum of $1790, provided the plaintiff would give up to the defendant and the witness the two notes already described. The defendant did *729 not contradict the claim, and the plaintiff did thereupon give up the notes, which were then destroyed by the parties. That it was understood that Powell owed Gibson the sum of $1790, and that he did then execute a note of $600 to Gibson. It was also admitted, that Powell had an outstanding account against Gibson, to about the amount of $600, and that both parties seemed pleased with the settlement made. The subject of this indebtedness was afterwards mentioned to Powell by another witness, and he then did not deny it, but stated that he could not then pay, and did not know when he would be able to do so. The witness, Bennett, slated that he had paid his portion of these notes. By giving up the notes under this agreement the right of action thereon was extinguished, and they constituted a sufficient consideration to sustain the new contract, which was fully established by the evidence, as set out in the second count. But it is insisted that the verdict is still right, because the defendant had paid the $600 note, having produced it on the trial, and that besides this sum, it was 'proven that the plaintiff owed him six hundred dollars on an outstanding account, and that by adding these two sums together, the plaintiff's claim is reduced to about the amount of the verdict. But it is to be remarked, that the jury was not authorized to allow the amount of the unsettled account as an offset, because no such thing was claimed. The defendant had not filed with his plea the particulars of any set-off, as he was bound to do if he intended to rely on such a defence. If this had been done, it is possible the plaintiff might have answered it by showing that the note had been given up in discharge of this outstanding account, or he might have been able to show that it was settled in some other way. A mere set-off, as this outstanding account was, should never be allowed by the jury, unless it is properly claimed by the pleadings. The jury, in this instance, must have taken this outstanding account into their estimate. There is no other way of accounting for their verdict. We think that a new trial should have been granted on the plaintiff’s motion, and for this reason the judgment must be reversed, and the cause remanded,